2024R00013/JSG

**FILED**
OCT 0 2 2025
AT 8:30 11:20 P M
CLERK, U.S. DISTRICT COURT - DNJ

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. (MEF) |
| v. | : | Crim. No. 25-589 |
| TYLER SHORTER, | : | 18 U.S.C. § 1959(a)(1), (a)(5) |
| a/k/a "Money Bags," | : | 18 U.S.C. § 2 |
| a/k/a "Bags," and | : | 18 U.S.C. § 924(c)(1)(A)(iii) |
| AMIR CANTY, | : | |
| a/k/a "Blast" | : | |

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

**The Enterprise**

1.  At all times relevant to this Indictment, in the District of New Jersey, and elsewhere, defendant Tyler Shorter, a/k/a "Money Bags," a/k/a "Bags" ("SHORTER"), Amir Canty, a/k/a "Blast" ("CANTY"), and others, known and unknown, were members and associates of the Sex, Money, Murder ("SMM") street gang, including the Munn Block or M-Block subgroup or "set" of SMM, that operated in and around Newark, New Jersey.

2.  SMM, including its leaders, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

### Purposes of the SMM Enterprise

3. The purposes of the SMM Enterprise included, but were not limited to, the following:

a. Enriching members and associates of the Enterprise through criminal activity, including but not limited to drug trafficking, interstate transportation of stolen property, and wire fraud;

b. Preserving and protecting the power, reputation, territory, and criminal ventures of the Enterprise by intimidation, threats of violence, and acts of violence, including acts involving murder;

c. Promoting and enhancing the prestige, reputation, and position of the Enterprise with respect to rival criminal organizations;

d. Keeping victims and rivals in fear of the Enterprise and its members and associates; and

e. Concealing the activities of the Enterprise from law enforcement.

### Manner and Means of the SMM Enterprise

4. Among the means and methods by which members and associates of the Enterprise conducted and participated in the conduct of the affairs of the Enterprise were the following:

a. Members and associates of the Enterprise committed, attempted, and threatened and agreed to commit acts of violence, including murder, to protect and expand the Enterprise's criminal operations and promote the Enterprise's reputation as a violent criminal organization;

b. Members and associates of the Enterprise acquired and possessed firearms to commit acts of violence on behalf of the Enterprise, including to protect members and associates of the Enterprise, their territory, their controlled substances, and their illegal proceeds, and to threaten others in furtherance of the interests of the Enterprise;

c. Members and associates of the Enterprise were expected to participate in criminal activity, particularly violent acts directed at rivals or as directed by the Enterprise's leadership, in order to increase the respect accorded to those members, and the commission of crimes and violent acts resulted in those members' maintaining and increasing status within the Enterprise;

d. Members and associates of the Enterprise promoted a climate of fear through violence and threats of violence and reprisal;

e. Members and associates of the Enterprise used and threatened to use physical violence against various individuals, including witnesses and members of rival criminal organizations;

f. Members and associates of the Enterprise trafficked controlled substances as a means of enriching themselves;

g. Members and associates of the Enterprise engaged in the interstate transportation of stolen property as a means of enriching themselves and to assist in their commission of violent acts; and

h. Members and associates of the Enterprise produced, created, and used drill rap songs and music videos, and social media, including Instagram and Facebook, to intimidate and threaten rival gang members,

witnesses, and other members of the community, and to otherwise promote the Enterprise as a violent criminal organization.

5. At all times relevant to this Indictment, SMM, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is (a) multiple acts involving murder and robbery chargeable under New Jersey law; (b) offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846; and (c) multiple acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud), Sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), and Section 2314 (relating to interstate transportation of stolen property).

## COUNT ONE
### (Conspiracy to Commit Murder in Aid of Racketeering)

6. The allegations contained in paragraphs one through five of this Indictment are realleged and incorporated as if fully set forth herein.

7. From on or about November 5, 2022, through on or about November 8, 2022, in Essex County, in the District of New Jersey and elsewhere, the defendants,

**TYLER SHORTER,**
a/k/a "Money Bags,"
a/k/a "Bags," and
**AMIR CANTY,**
a/k/a "Blast,"

and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in SMM, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire and agree with

4

each other to murder Victim-1, in violation of N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:5-2.

In violation of Title 18, United States Code, Section 1959(a)(5).

## COUNT TWO
### (Murder in Aid of Racketeering)

8.  The allegations contained in paragraphs one through five of this Indictment are realleged and incorporated as if fully set forth herein.

9.  On or about November 8, 2022, in Essex County, in the District of New Jersey and elsewhere, the defendants,

**TYLER SHORTER,**
a/k/a "Money Bags,"
a/k/a "Bags," and
**AMIR CANTY,**
a/k/a "Blast,"

and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in SMM, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Victim-1, in violation of N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6, and did aid and abet the same.

In violation of Title 18, United States Code, Section 1959(a)(1) and Section 2.

## COUNT THREE
### (Discharging a Firearm During and in Relation to a Crime of Violence)

10. On or about November 8, 2022, in Essex County, the District of New Jersey and elsewhere, the defendants,

**TYLER SHORTER,**
a/k/a "Money Bags,"
a/k/a "Bags," and
**AMIR CANTY,**
a/k/a "Blast,"

during and in relation to a crime of violence for which each may be prosecuted in a court of the United States, namely, murder in aid of racketeering charged in Count Two of this Indictment, did knowingly use and carry a firearm, which was discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2.

A TRUE BILL.

FOREPERSON

TODD BLANCHE
U.S. Deputy Attorney General

*Alina Habba*
ALINA HABBA
Acting United States Attorney
Special Attorney

*[signature]*
JASON GOLDBERG
Assistant United States Attorney

6

CASE NUMBER: 25-589 (MEF)

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

AMIR CANTY and
TYLER SHORTER

INDICTMENT
FOR

18 U.S.C. § 1959(a)(1)
18 U.S.C. § 1959(a)(5)
18 U.S.C. § 924(c)(1)(A)(ii)
18 U.S.C. § 2

A True Bill,

Foreperson

ALINA HABBA
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY UNDER 28 U.S.C. § 515
FOR THE DISTRICT OF NEW JERSEY

JASON GOLDBERG
ASSISTANT U.S. ATTORNEY
973-645-2704